Swank Refractories and Liberty Mutual Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Wallace Shaw Ruffaner, Respondents.

Argued May 6, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

314

*Thomas J. Ferris,* for appellants.

*Carl A. Belin, Jr.,* with him *Belin, Belin & Naddeo,* for appellee, Ruffaner.

*David A. Ody,* Assistant Attorney General, with him *Mary Ellen Krober,* Assistant Attorney General, for appellee, Commonwealth.

OPINION BY JUDGE WILKINSON, JR., May 26, 1977:

Appellants appeal an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of total disability benefits to the claimant pursuant to Section 108(k) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(k). We affirm.

Claimant was employed by appellant-employer for approximately 46 years as a green brick wheeler, whose duties included placing brick into a dry press, taking the brick into kilns, scraping excess sand off the brick and stacking the brick inside the kilns. On February 15, 1974, he became sick, notified his foreman that he was reporting off work, and went home. He has not worked since. On February 17, 1974, he

entered a hospital which rendered a final diagnosis (upon his transfer to another hospital approximately two weeks later) of congestive heart failure; arteriosclerotic heart disease with marked tachycardia, and possible intra-abdominal pathology. The second hospital made a diagnosis of a pulmonary embolism left lung, a left-sided pleural effusion, respiratory insufficiency and pulmonary emphysema. Claimant was examined by a physician on June 10, 1974, who concluded that claimant was totally and permanently disabled for work of any type because of pneumoconiosis, anthracosilicotic type, stage II, and pulmonary emphysema. On July 11, 1974, claimant sent appellant-employer notice that he had become totally disabled as a result of silicosis as of February 15, 1974, and, on July 12, 1974, claimant filed a claim petition alleging total disability as a result of anthracosilicosis caused by employment having a silica hazard.[1]

A hearing was conducted on April 18, 1975. Claimant testified that the performance of his tasks caused an extreme amount of dust to accumulate in the area in which he worked (a 50-by-35 foot roofed enclosure) and that the dust conditions had been generally the same throughout his work experience with appellant-employer. He testified that the dust affected his breathing and caused him to cough and spit phlegm in which the dust was contained.

Upon cross-examination, appellants offered an amendment to their answer that timely and proper notice of the alleged disability was not given and that the claim petition was not timely filed. Appellants then offered medical reports of the two hospitals in which claimant had been confined in 1974 as well as one in which he had been confined in 1966. The 1966

---

[1] Pursuant to Section 311 of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1411.

report indicated that the claimant was suffering from arteriosclerotic heart disease, chronic bronchitis and pulmonary emphysema. On cross-examination, claimant admitted that he has suffered from those diseases in the past and that he suffered an acute myocardial infarction in 1968. He further admitted that he had been hospitalized in 1966 and that he had been advised by his treating physician to quit work at that time. He stated that he had smoked a pack of cigarettes per day for most of his life but has stopped for several years. However, according to the history included in the report of the second hospital in which claimant was confined in 1974, claimant stated that he had been smoking three to four packs a day for many years.

The Commonwealth offered a medical report of a physician who examined the claimant on September 5, 1974, and found him totally disabled, although no reason was specified. Claimant stated that such examination was the first time that he knew he was totally and permanently disabled due to silicosis.

At appellants' request, claimant was examined by a physician on May 14, 1975, who concluded that claimant is disabled on a cardiovascular basis with no evidence of silicotic disease.[2] On July 16, 1975, claimant was examined by an impartial physician who had been appointed by the Board upon the referee's granting of appellants' motion. The impartial physician concluded in a written report that claimant has hypertensive and arteriosclerotic heart disease with recurring heart failure, which are disabling, and no evidence of silicosis. However, at a subsequent hearing on October 23, 1975, the impartial physician stated that he had changed his mind as to whether the claimant had shown no evidence of silicosis. He testified

---

[2] This physician submitted a report dated November 5, 1975, based upon his review of x-rays taken of the claimant. The physician stated that his original opinion continued.

that the claimant also has interstitial fibrosis and emphysema, which are also disabling. He stated that he had difficulty determining whether the latter conditions were caused by claimant's smoking or occupational environment but finally concluded on the stand, based upon reports which he had reason to believe were reliable, that such diseases were occupational in origin. At the second hearing, the referee also received the report of another physician dated October 22, 1975, which stated that the claimant has, among other conditions, pneumoconiosis, chronic bronchitis, asthma, and organic heart disease, and stated further that claimant's lung disease is totally and permanently disabling in and of itself.

On December 8, 1975, counsel for claimant sent written notice to the referee of his motion to amend the complaint to seek benefits under Section 108 of the Act. On January 20, 1976, the referee found, based upon his review of all the testimony that claimant was exposed to a silica dust hazard during his entire employment with appellant-employer, that claimant has been totally and permanently disabled since October 22, 1975, due to pneumoconiosis and silicosis resulting from his exposure to the silica hazard, and that claimant served proper notice on appellant-employer and the Commonwealth. The referee therefore awarded claimant total disability benefits beginning October 22, 1975, and indefinitely thereafter. The Board affirmed the award. This appeal followed.

Appellant's first argument is that claimant failed to give timely and proper notice of his disability because his letter to appellants informing them of the disabliity was dated July 11, 1974, more than the 120 days permitted for notification under Section 311 of the Act, 77 P.S. §631. We cannot agree. Section 631 states in pertinent part:

> However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.

Here, although there was some discrepancy as to the date upon which claimant first learned that he was disabled due to silicosis, the earliest such date was June 10, 1974, the date of his physical examination. July 11, 1974 was within 120 days of that date.

Appellants' second argument is that there is insufficient evidence upon which to base the referee's finding of total and permanent disability due to pneumoconiosis and silicosis since October 22, 1975. While the medical testimony as to the nature of claimant's condition is certainly in conflict, the referee's findings are supported by at least the impartial physician appointed by the Board, who stated not only that his previous opinion as to no finding of silicosis had changed by the time of the second hearing, but also that the claimant's interstitial fibrosis and emphysema were occupational in origin. Nor can we agree with appellants' claim that there is insufficient evidence that claimant was exposed to a silica hazard. Claimant's testimony as to the composition and extent of the dust to which he was exposed was uncontradicted by appellants. We have recently held that such uncontradicted testimony can constitute sufficient evidence of a hazard, even where, as here, the claimant never specifically refers to a silica hazard. *Jones and Laughlin Steel Corp. v. Golmitz,* 28 Pa. Commonwealth Ct. 25, 367 A.2d 323 (1976).

Appellants finally contend that claimant did not properly amend his claim petition to seek benefits under the Act. The record shows that counsel for claimant moved to make such an amendment to the claim petition by letter to the referee dated December 8, 1975, copy to counsel for appellants, before the record was closed by the referee. That was sufficient. We have repeatedly stated that amendments to claim petitions are liberally allowed. *E.g., Workmen's Compensation Appeal Board v. Jones and Laughlin Steel Corp.,* 23 Pa. Commonwealth Ct. 634, 353 A.2d 90 (1976). Therefore, we must also reject appellants' claim that the Commonwealth is partially liable under Section 305.1 of the Act.[3] The award here was made under Section 108(k). We have recently held that "an award of compensation made pursuant to Section 108(k) of the Act does not impose liability upon the Commonwealth under Section 305.1 of the Act." *Richey v. Pittron Co.,* 28 Pa. Commonwealth Ct. 348, 351-52, 368 A.2d 1311, 1313 (1977).

Accordingly, we will enter the following

### ORDER

Now, May 26, 1977, the order of the Workmen's Compensation Appeal Board at No. A-71186, dated July 26, 1976, providing:

In accordance with the Findings of Fact and Conclusions of Law herein stated, compensation is awarded to the claimant, Wallace Ruffaner, at the rate of $106.00 per week, the maximum rate of compensation provided by the Act in force and effect, February 15, 1974, payments beginning October 22, 1975, and to continue thereafter for an indefinite future time until the claimant's disability shall cease or change

---

[3] 77 P.S. §411.1.

in extent within the limitations of the Pennsylvania Workmen's Compensation Act.

All compensation awarded herein will be paid to the claimant, Wallace Ruffaner, by the Swank Refractories pursuant to Rule 121.21(b) of the Bureau of Occupational Injury and Disease Compensation.

Interest is assessed on all deferred payments of compensation at the rate of ten percent (10%) per annum, in accordance with Section 406.1 of the Act.

Counsel fees in the amount of $1,000.00, as agreed upon the between the claimant, Wallace Ruffaner, and his attorney, Carl Belin, Jr., Esq. are hereby approved.

The Commonwealth is directed to pay the following bill for services of the impartial physician:

Meyer Bloom, M.D.
1111 Franklin Street
Johnstown, Pa. 15905 .......... $225.00

is hereby affirmed.