Joseph Hanin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1977, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Jeffrey A. Weinstein,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, September 27, 1977:

Joseph Hanin, claimant, has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's dismissal of his appeal from a Bureau of Employment Security (Bureau) determination of ineligibility. The referee and Board dismissed the appeal on the ground that it was untimely filed. We affirm.

The Board adopted the following Findings of Fact made by the referee:

1. On November 28, 1975 the Bureau of Employment Security issued a decision (disqualifying) the claimant [on the basis that he was self-employed pursuant to Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(h)].

2. A copy of this decision was mailed to [1926 Pine Street, Philadelphia,] the claimant['s]last known post office address on this date.

3. The notice of the decision was not returned by the postal authorities as undelivered.

4. The notice of determination contained the information that the claimant had ten (10) days from the date of the Bureau's determination in which to file an appeal if the claimant disagreed with the determination. The last day on which a valid appeal could be filed from the Bureau's decision was December 8, 1975.

5. The claimant did not file an appeal on or before December 8, 1975 but waited until January 15, 1976 before filing an appeal.

6. The claimant was not misinformed nor in any way misled regarding the right of appeal.

Section 501(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended*, 43 P.S. §821(e), provided, at the time of claimant's appeal from the Bureau decision that:

Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within ten (10) calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith. . . .[1]

---

[1] Effective April 14, 1976, Section 501(e) was amended to allow for a fifteen-day appeal period.

This statutory time limit for filing an appeal is mandatory in the absence of fraud or manifestly wrongful or negligent conduct by the administrative agency. *Unemployment Compensation Board of Review v. De-Victoria,* 24 Pa. Commonwealth Ct. 143, 353 A.2d 920 (1976); *Unemployment Compensation Board of Review v. Duffy,* 23 Pa. Commonwealth Ct. 7, 349 A.2d 925 (1976); *Unemployment Compensation Board of Review v. Dunofsky,* 20 Pa. Commonwealth Ct. 545, 342 A.2d 148 (1975).

Since the claimant received an adverse decision below where he had the burden to establish that fraud or its equivalent caused his failure to appeal on time, our scope of review is limited to a determination of whether or not the Board's findings of fact are consistent with each other and with its conclusion of law and order and whether they can be sustained without a capricious disregard of competent evidence. *Unemployment Compensation Board of Review v. DeVictoria, supra.*

At the hearing before the referee, claimant testified that when the Bureau mailed its Notice of Disqualification on November 28, 1975, he was out of state seeking employment; that he had left the Philadelphia area on November 4, 1975 and did not return until January 15, 1976; and that he sent the Bureau courtesy cards from cities he visited in order to keep his unemployment compensation claim open in Pennsylvania. Claimant now says that the Board capriciously disregarded competent evidence in holding that the Bureau was not guilty of fraud or its equivalent in sending the notice to his Philadelphia address. The Bureau, claimant argues, should have known that he could not be reached there because it was receiving courtesy cards from other states. We fail to see any merit in the claimant's position.

A claimant's out of state search for employment will not, standing alone, justify hearing of an untimely appeal from a Bureau determination. *McDonnell Unemployment Compensation Case*, 173 Pa. Superior Ct. 35, 98 A.2d 648 (1953). Both the record and undisputed Board findings establish that the notice was properly mailed to the claimant's last known address at 1926 Pine Street, Philadelphia. The claimant himself testified that the courtesy cards he sent to the Bureau referred all matters pertaining to his claim back to his Philadelphia address.

Accordingly, we enter the following

ORDER

AND Now, this 27th day of September, 1977, it is ordered that the decision of the Unemployment Compensation Board of Review be and is hereby affirmed, and that the appeal of Joseph Hanin be and is hereby dismissed.