Airco Speer Carbon and Liberty Mutual Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Merle W. Mertz, Respondents.

Argued September 11, 1978, before Judges WIL-
KINSON, JR., ROGERS and CRAIG, sitting as a panel of
three.

*Scott E. Becker,* with him *Thomas J. Ferris,* for pe-
titioners.

*R. Edward Ferraro,* with him *David P. King,* and
*James N. Diefenderfer,* for respondents.

OPINION BY JUDGE WILKINSON, JR., October 25,
1978:

This is an appeal from a decision of the Work-
men's Compensation Appeal Board (Board) award-
ing benefits to the respondent Merle W. Mertz (claim-
ant) under the provisions of Section 108(k) of The

Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended*, 77 P.S. §27.1(k). For reasons that are more fully set forth below, we remand this case to the Board for further proceedings.

Claimant last worked for petitioner on August 24, 1973, having been employed at the same plant for a period of over 30 years. This plant was utilized for the purpose of manufacturing carbon electrodes. Claimant's duties included loading and weighing mixes of various materials used in making these carbon electrodes. The materials with which claimant worked included coke dust, graphite, pitch and sand. The claimant testified at great length concerning the extremely dusty conditions which prevailed throughout the plant, and as to his exposure to this dust. The claimant further testified that the institution by petitioner of various means of eliminating the dust (by use of dust collectors), and of cutting down the employees' exposure to that dust (by the use of masks and hoods), did little to alleviate the dusty conditions.

As indicated above, claimant last worked for petitioner on August 24, 1973, at which time he stopped working due to heart trouble. On or about February of 1974, claimant filed an application for a disability pension with petitioner. At that time, claimant's physician indicated that claimant was totally and permanently disabled as a result of hypertensive and arteriosclerotic heart disease with diabetes mellitus. On December 24, 1974, claimant filed the claim petition presently under consideration. The record indicates that claimant had been told by his physician in June of 1973 that he was totally disabled due to his breathing difficulties, and that the claimant so informed the plant superintendent at that time. As the facts outlined above indicate, however, claimant con-

tinued to work for over two months after he was allegedly totally disabled. The referee found that claimant was totally disabled as of November 18, 1975, which is also the date of a report from the claimant's physician. This report was introduced into evidence at the referee's hearing, and essentially acknowledged that claimant suffered from heart trouble. The report concluded, however, that the heart trouble had been alleviated by surgery, and that if it were not for pneumoconiosis arising from prolonged exposure to dust, the claimant would have been able to go back to work.

Petitioner's primary contention is that there is not substantial competent evidence to prove that claimant was exposed to a silica hazard either prior or subsequent to June 30, 1973. In addition, petitioner contends there is a lack of competent evidence to demonstrate that claimant even suffers from silicosis, or that there is a causal relationship between the claimant's pneumoconiosis and his employment. Finally, petitioner contends that claimant did not give timely and proper notice of his disability.

The claimant testified at great length as to the large concentrations of dust to which he was exposed. The claimant did not, however, ever refer specifically to a silica hazard. This Court has held that in testifying as to the nature and composition of the dust to which he is exposed, a claimant need not specifically refer to a silica hazard as such. *Swank Refractories v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 313, 374 A.2d 537 (1977); *Jones & Laughlin Steel Corp. v. Golmitz,* 28 Pa. Commonwealth Ct. 25, 367 A.2d 323 (1976). It is sufficient for the claimant to simply testify as to his knowledge of the dusty conditions to which he was exposed. Thus, we believe that the referee, based on claimant's testimony and on the report of the claimant's physi-

cian, could properly conclude that claimant was exposed to a silica hazard.

A larger problem is raised by the fact that the referee allowed into evidence a 1964 survey of the dust conditions at claimant's plant prepared by the Department of Health. This report established that an individual who worked as a weighman, which was claimant's job at the time of the survey, was exposed to an extremely high concentration of silica. The survey, however, is rather remote in time from the date of claimant's alleged disability. Furthermore, it is evident that conditions at the plant did change after the survey by virtue of the installation of dust collectors and the use of masks and hoods. Still, considering the liberal rules of evidence followed in workmen's compensation proceedings, we cannot say that the referee erred in admitting the survey into evidence. The report does establish that in his position as a weighman claimant was exposed to a significant level of silica. In light of claimant's testimony that his exposure to dust continued despite efforts by the employer to alleviate the situation, we also believe the report is relevant to the question of whether claimant was exposed to a silica hazard subsequent to 1964.

We conclude that claimant's testimony, along with the physician's report and the Department of Health survey, establish that claimant suffers from pneumoconiosis due to his prolonged exposure to a silica hazard found at his place of employment. The remaining issue is when claimant gave proper notice of that disability.

The referee found that claimant gave notice of his disability in June of 1973 when he told his plant superintendent that he was totally disabled due to breathing difficulties. The Board affirmed the referee on this issue, but we must disagree. Since the claimant continued to work for well over two months

after he gave notice of his alleged total disability, we find that the petitioner would be justified in concluding that claimant was not in fact disabled. Disability is synonymous with loss of earning power, and one who continues to work can hardly be found to be totally and permanently disabled. *See Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978). Therefore, we conclude that claimant could not have given notice of his disability in June of 1973.

With respect to the notice issue, the Board noted that if claimant was in fact disabled in June of 1973, then he would be unable to recover since his exposure to dust after June 30, 1973, would not have contributed to his disability. The Board ruled, however, that this issue had not been raised by petitioner and therefore did not decide it. Since we find that claimant did not in fact give notice in June of 1973, we need not be concerned with this aspect of the problem.

We are, however, concerned with the lack of a proper finding of fact regarding the question of when the claimant knew or should have known of his disability due to pneumoconiosis. The only notice the claimant gave his employer was through the filing of his claim petition on December 24, 1974. The question remains as to when the claimant knew or should have known that he was disabled due to pneumoconiosis, and not due to his heart trouble. If he knew more than 120 days prior to the filing of the claim petition, then notice was not timely given. We will therefore remand this case to the Board with instructions that a new hearing be held to determine when the claimant knew or should have known of his disability from pneumoconiosis, and whether this was within 120 days of December 24, 1974. We reiterate our earlier conclusion that claimant cannot be considered as having given notice of his disability in June of 1973.

Accordingly, we will enter the following

ORDER

AND Now, October 25, 1978, the decision of the Workmen's Compensation Appeal Board at No. A-72175, dated June 7, 1977, is reversed, and this case is remanded with instructions that the Board conduct a new hearing in accordance with the opinion set forth above.