Jones & Laughlin Steel Corp., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Joseph Garnic and Commonwealth of Pennsylvania, Respondents.

Argued November 3, 1978, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*Ronald Ganassi*, with him *Will & Keisling*, for petitioner.

*Sandra S. Christianson*, Assistant Attorney General, for respondents.

Opinion by Judge MacPhail, March 12, 1979:

Jones & Laughlin Steel Corporation (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) directing Employer to pay 50% of the workmen's compensation benefits awarded to Joseph Garnic (Claimant).

Briefly, the referee found that (1) Claimant's last day of employment was September 6, 1974, (2) Claimant became disabled due to anthracosilicosis on June 27, 1974 and (3) Claimant became permanently and totally disabled due to anthracosilicosis on September 6, 1974.

Section 305.1 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1, provides that if a claimant's disability occurred between September 1, 1973, and June 30, 1974, the employer shall pay 25% of the benefits and the Commonwealth 75% thereof, but if the disability begins between September 1, 1974, and June 30, 1975, the employer and the Commonwealth shall each pay 50% of the benefits. The narrow issue presented here is when did Claimant's disability "occur" or "begin" for the purpose of determining the proportionate share of Claimant's benefits which would be Employer's responsibility. Employer contends that that date should be June 27, 1974, while the Commonwealth contends that the date should be as determined by the referee and Board.

In *Pekorofsky v. Glen Alden Coal Co.*, 171 Pa. Superior Ct. 97, 89 A.2d 890 (1952), it was held that the Commonwealth's proportionate share of workmen's compensation benefits should be ascertained at the time the employer's *duty* to pay compensation comes into existence and not when *liability* for payment is fixed. The Court went on to say that the liability of an employer is fixed as of the date of last exposure, while the duty to make payments and the amount thereof becomes fixed upon the date when disability occurs.

In *Airco Speer Carbon v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 274, 392 A.2d 360 (1978), we held on somewhat similar facts

that the date of disability for the purpose of determining when the claimant had to give notice of his disability to his employer was the date the claimant last worked. In that case the claimant was advised by his physician in June of 1973 that he was totally disabled from pneumoconiosis, but he continued to work until August of 1973. Judge WILKINSON held[1] in that opinion:

> Disability is synonymous with loss of earning power, and one who continues to work can hardly be found to be totally and permanently disabled.

*Id.* at 279, 392 A.2d at 363.

In *Commonwealth v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 588, 394 A. 2d 633 (1978), we held that the date on which the claimant first *knew* of his disability, as opposed to the date on which an impartial physician filed his report with the referee confirming the claimant's physician's original diagnosis and conclusion, would likewise determine the date for the allocation of percentages of workmen's compensation benefits to be paid by the Commonwealth and the employer under Section 305.1.

As we have noted, the referee in the instant case found that Claimant "became disabled" on June 27, 1974. On that date Claimant was first examined by his doctor. The doctor thereafter prepared a written medical report dated September 27, 1974, stating that Claimant was permanently and totally disabled from coal worker's pneumoconiosis. Claimant testified that that report was his first notice that he was permanently and totally disabled from coal worker's pneumoconiosis. While we can understand the referee's

---

[1] Citing *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978).

finding of disability as of June 27, 1974, relating back from the doctor's written medical report to the date of Claimant's examination, we are also of the opinion that Claimant did not become totally and permanently disabled until September 6, 1974, the date of his last employment. *Airco Speer Carbon v. Workmen's Compensation Appeal Board, supra.* We hold that Employer's duty to pay compensation did not arise until September 6, 1974, the date Claimant became permanently and totally disabled. Accordingly, we also hold that the allocation of percentages to be paid by the Commonwealth and Employer were correctly determined. Since Claimant did not know of his disability until September 27, 1974, the result in this case is compatible with the result we reached in *Commonwealth v. Workmen's Compensation Appeal Board, supra.*

Order affirmed.

### Order

And Now, this 12th day of March, 1979, the order of the Workmen's Compensation Appeal Board, dated October 11, 1977, affirming the referee's award of permanent and total disability compensation payments to Joseph Garnic, is affirmed.

Accordingly, it is ordered that judgment be entered in favor of Joseph Garnic, Claimant, and against Jones & Laughlin Steel Corporation and the Commonwealth of Pennsylvania in the amount of $106.00 per week beginning September 6, 1974. Of said sum, Commonwealth of Pennsylvania shall be liable for the payment of 50% and Jones & Laughlin Steel Corporation shall be liable for the payment of 50%. The payments to be made by Jones and Laughlin Steel Corporation only shall bear interest on all deferred payments of compensation at the rate of 10% per annum.

It is further ordered that Jones & Laughlin Steel Corporation shall pay to Joseph Garnic the sum of $111.00 costs incurred by him at Centerville Medical Group.

