John F. Davis Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Esther Lucas, Respondents.

Argued September 13, 1979, before Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

*John R. Lenahan, Jr.,* with him *Lenahan, Dempsey, Murphy & Piazza,* for petitioner.

*William Malone,* with him *John J. Brazil,* for respondents.

OPINION BY JUDGE MACPHAIL, November 13, 1979:
This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of a petition to terminate the benefits of Esther Lucas (Claimant) filed by the John F. Davis Company (Employer).

After two hearings the referee denied Employer's petition to terminate benefits finding that Claimant was totally disabled because she was unable to perform her regular work and was only able to do light, sedentary work which was not available to her. Employer appealed the referee's decision to the Board which then remanded the case to the referee to permit Employer to offer evidence of the availability of work suitable to Claimant's physical condition. At the remand hearing a vocational specialist testified for Employer that there were four available jobs in the area where Claimant resided entailing light, sedentary work.[1] The referee found that the mere fact that there was evidence that such jobs "existed" did not mean that they were "available" to Claimant. Previously, our Court has held that if a job which a claimant is capable of performing exists in the local job market, that claimant is not totally disabled. *See Dreher v. Workmen's Compensation Appeal Board,*

---

[1] The jobs were sewing machine operator, telephone switchboard operator, telephone sales solicitor and phonograph record tester.

38 Pa. Commonwealth Ct. 473, 393 A.2d 1081 (1978). The employer is not required to show specific job openings as Employer did here. *Dreher, id.*

The referee also found as a fact that in the jobs mentioned by the vocational specialist Claimant would still be required to bend her neck, use her arms, shoulders and hands, and that Claimant's work would be complicated by her emotional overlay. Accordingly, the referee concluded for the second time that Claimant was totally disabled because there were no light, sedentary or restricted-type jobs available to her.

On Employer's appeal to the Board a second time, a majority of the members of the Board found that Employer had failed to meet its burden of proving that work existed which Claimant was able to do. The Board held as a matter of law that Employer's vocational expert was incompetent to express an opinion whether Claimant could perform a specific job because the expert was not aware of Claimant's educational and mental abilities and industrial background. This ruling was erroneous for the reason that no objection was made to the witness' competency at the hearing.[2] In *Workmen's Compensation Appeal Board v. Czepurnyj*, 20 Pa. Commonwealth Ct. 305, 340 A.2d 915 (1975), we held that failure to object to a medical expert's competency at the hearing before the referee constituted a waiver of that objection. We are of the opinion that the same rule applies here. Accordingly, we hold that the Board's sua sponte ruling that the vocational specialist was incompetent to testify was an error of law.

The Board held that the witness was incompetent because he was not familiar with Claimant's background. Employer argues that Claimant refused to

---

[2] Nor has his competency been challenged by Claimant in the instant proceedings.

talk to the witness. Although we have held that a claimant cannot be compelled to talk to a vocational expert, *RCA Corp. v. Workmen's Compensation Appeal Board*, 46 Pa. Commonwealth Ct. 411, A.2d (1979), it must follow that if Claimant refuses to talk with such an expert, neither the referee nor the Board can then penalize Employer for the failure of its expert to testify to Claimant's mental, physical, emotional and employment background. However, we agree with the Board in the instant case that there is nothing in the record which indicates that Claimant did refuse to talk with the vocational expert. Therefore, Employer cannot now argue that point on appeal.

In its opinion the Board went on to say that if the vocational expert's testimony had been otherwise competent, it would have ordered a remand to clarify whether Claimant's psychological overlay was job-related because the Board was not satisfied that the record clearly established that Claimant's "emotional disturbance" was job-related. Claimant's physician testified that it was "very possible" that Claimant's nervous condition, which he characterized as one of her marked disabilities, was caused in part by her fall. The Board observed that the impartial physician appointed by the referee, Dr. Black was never asked whether Claimant's chronic anxiety was job-related. In fact, Dr. Black testified that he was not prepared to discuss Claimant's emotional competency even though his report stated that Claimant would benefit from psychiatric evaluation and treatment except for the fact that Claimant "was unable to admit any psychological overlay." Our Supreme Court has held that in termination proceedings, the burden is on the employer to show either that the disability has ceased or that the continued disability is the result of an independent cause. *McGee v. L. F.*

*Grammes & Sons,* 477 Pa. 143, 383 A.2d 864 (1978). Contrary to that decision the Board's opinion imposed on Claimant the burden of showing that her emotional overlay was job-related. This was error.

Our rulings thus far leave the case in this rather unusual posture: that Board held erroneously that the referee should not have considered the testimony of Employer's expert, but the referee concluded on consideration of all the testimony, including Employer's expert that Employer had not proved that work was available to Claimant which she could perform. Therefore, the Board's error in this respect was harmless. The Board again erred when it said that it would have remanded to permit Claimant to prove that her emotional disturbance was job-related if it had decided that the expert's testimony was competent. However, since no remand in fact was ordered, this error was also harmless.

Thus, notwithstanding the Board's errors, we are left to consider whether the referee capriciously disregarded competent evidence in making his findings and reaching his conclusions. *Hanin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 48, 377 A.2d 1062 (1977). After a careful review of the record, we hold that he did not.

Order affirmed.

ORDER

AND Now, this 13th day of November, 1979, the petition of John F. Davis Company for termination of benefits is denied and judgment is entered in favor of Esther Lucas and against John F. Davis Company and its insurance carrier. It is ordered that the John F. Davis Company or its insurance carrier shall pay Esther Lucas compensation for total disability at the rate of $35.33 per week from October 8, 1976, and indefinitely thereafter subject to the provisions and limitations of the Workmen's Compensation Act. The

296

Employer/insurance carrier may take credit for compensation payments made to the Claimant after October 8, 1976, under the interlocutory order entered March 27, 1975.

Deferred payments of compensation shall bear interest at the rate of 10 per cent per annum from the due date thereof.

The Commonwealth of Pennsylvania, Department of Labor and Industry, shall pay to Dr. William A. Black, Jr., the sum of $295.00 for his services as an impartial physician and the Employer/insurance carrier is directed to reimburse the Claimant in the sum of $384.00 for the medical bill of Dr. Benjamin v. Kaufman. Counsel fees to be paid by the Claimant are approved in an amount equivalent to 20 per cent of the award to the date of this order.