Lehigh Valley Coal Sales Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Walter L. Swantek, Respondents.

Argued February 1, 1982, before President Judge CRUMLISH, JR. and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Joseph P. Lenahan, Lenahan & Dempsey, P.C.,* for petitioner.

*Joseph J. Musto, Griffith, Aponick & Musto,* for respondent, Walter L. Swantek.

Opinion by Judge MacPhail, April 12, 1982:

Lehigh Valley Coal Sales Co. (Petitioner) has filed this Petition for Review from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision granting Walter Swantek (Claimant) total disability benefits under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1066.

Claimant was employed by Petitioner as a tractor trailer driver for a period of at least thirteen years immediately prior to his retirement. During this period of time, Claimant participated in the loading and hauling of coal and silt.[1] The place where this loading took place was found by the referee to be very dusty and constituted a hazard. Claimant retired in April of 1975.

On April 3, 1976, Claimant filed a Claim Petition with the Board alleging disability as a result of anthraco-silicosis contracted in his employment for Petitioner. At the time of the hearing on the claim, Claimant moved and was granted permission to amend his claim from that of anthraco-silicosis to bronchiectasis, thus bringing the case under Section 108(n) of the Act, 77 P.S. §27.1(n), the so-called "omnibus" occupational disease provision.

On November 12, 1976, the referee entered a decision in favor of Claimant. This decision was appealed to the Board by Petitioner, and in an order issued January 4, 1979, the Board vacated the referee's decision and remanded the case for further testimony. On remand, both parties presented further medical testimony. On November 14, 1979, the referee again found in favor of Claimant. This de-

---

[1] Claimant, in his testimony, defined silt as "very fine coal; it's like dust."

cision was affirmed by the Board on July 17, 1980. It is from this decision that Petitioner appeals.

Petitioner has raised a number of issues upon this appeal, several of which concern the Board's initial remand order.[2] Petitioner initially argues that the Claimant was erroneously permitted to amend his claim petition from anthraco-silicosis to bronchiectasis. Petitioner argues that Claimant's failure to amend its petition at the time of a pre-trial conference estopped Claimant from amending his petition. Petitioner has failed to direct our attention to any cases in this regard and our own research discloses that amendments to claim petitions are liberally allowed. *See, e.g., Swank Refractories v. Workmen's Compensation Appeal Board*, 30 Pa. Commonwealth Ct. 313, 374 A.2d 537 (1977). We see no reason to depart from that standard in this case, particularly since the referee permitted the Petitioner to have Claimant re-examined before its medical expert testified.[3] We find no error in this regard.

Petitioner also has maintained that the Claimant failed to comply with the notice[4] and limitations period[5] provisions of the Act. Petitioner's main contention in this regard concerns record testimony which indicated that Claimant was notified by his doctor, Dr. Butcofski, of the existence of his disease and that he was disabled by it as early as 1972. However, this was three years prior to the time that Claimant retired and we have previously held, when presented with this argument, that disability is synonymous with loss of earning power and therefore the notice

[2] Petitioner has properly preserved these questions for this appeal.

[3] Petitioner apparently chose not to exercise this right.

[4] Section 311 of the Act, 77 P.S. §631.

[5] Section 315 of the Act, 77 P.S. §602.

and limitations periods do not run in this case until after Claimant left Petitioner's employment. *See J & L Steel v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 242, 398 A.2d 760 (1979); *Airco Speer Carbon v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 274, 392 A.2d 360 (1978).[6] Petitioner also contends that notice was not actually given until 1976, but we believe there is substantial evidence in the record to support the referee's finding of sufficient notice being given in May of 1975, well within 120 days of April 25, 1975, the date the referee found Claimant's disability began.

Petitioner also contends on this appeal that the Board erred in remanding this case to the referee the first time the case came before it. Petitioner argues that the Board's conclusion at that time that the testimony did not quite appear to meet case and statutory law requirements for proving an occupational disease under Section 108(n) mandated a reversal and dismissal of the claim petition, not a remand. Peti-

---

[6] Petitioner cites the Supreme Court case of *Lash v. Workmen's Compensation Appeal Board*, 491 Pa. 294, 420 A.2d 1325 (1980) for the proposition that any loss of earnings or loss of time from work related to an occupational disease, would begin the running of the notice and limitations time periods. Our reading of the *Lash* opinion does not lead us to this interpretation. *Lash* concerned lead industry workers who had absorbed so much lead that they were placed in lower paying non-lead positions; the Supreme Court found that, although not physically sick from lead exposure, these men were partially disabled because, as a result of their exposure to the lead hazard, they suffered a loss of earning power. No question of the running of notice and limitations times was raised in the case; and in view of the liberal construction in favor of the employee accorded by the Act, *Lash*, 491 Pa. at 298, 420 A.2d at 1327, we do not believe the Supreme Court intended a strained interpretation of *Lash* to result in the overruling of *Airco Speer Carbon*.

tioner again has failed to provide us with any support for this argument.

Section 419 of the Act, 77 P.S. §852, states that the Board "may remand any case involving any question of fact arising under any appeal to a referee. . . ." In interpreting this Section, we have held that the Board's remand power is equivalent to its power to take further evidence on its own: where the findings are not supported by the evidence or where a necessary finding was not made. *See Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Board of Review*, 18 Pa. Commonwealth Ct. 352, 358, 336 A.2d 440, 445 (1975). Where, as here, the Board determines that the referee has made findings not supported by the evidence, the Board is not required to make a decision based on the existing evidence; it may take evidence on its own or, as in this case, remand to the referee.

We shall now move to those arguments raised by Petitioner which specifically concern the Board's second decision in this matter. Petitioner's primary argument concerns Claimant's proof of subsection (3) of Section 108(n): that the "incidence [of Claimant's disease] is substantially greater in [his] industry or occupation than in the general population."

Dr. Butcofski's testimony in this regard is the subject of this question. The referee and the Board quoted his testimony extensively in support of their finding that the incidence of the disease was "substantially greater" in Claimant's occupation than in the general population. There is some merit in Petitioner's contention that one could read the doctor's deposition in such a way as to conclude that the doctor never really answered the question. On the other hand, the doctor's testimony can be read also as the referee and the Board chose to read it for he did say

at one point, "Yes, the answer is definitely." His amplification of that response in other parts of his deposition leaves a great deal to be desired but the weight to be given to the doctor's testimony is for the referee to determine.[7] *Novak v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 596, 430 A.2d 703 (1981). A referee may, in the exercise of his discretion, accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Id.* Moreover, the party who prevails below is entitled to the benefit of the most favorable inferences to be drawn from the evidence on appeal. *Shenango Steel Corporation v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 3, 405 A.2d 1086 (1979). Our research has failed to discover any case in which we have held that the only proof acceptable for this question is statistical evidence. *Cf. Imperial Foods Products v. Tomarelli,* 28 Pa. Commonwealth Ct. 150, 153, 367 A.2d 732, 734 (1977) (family physician's testimony that incidence of disease was "substantially greater" held "[maybe not] the strongest evidence available on this issue, [but] sufficiently substantial here to support the referee's finding.") Therefore, we find that there was substantial evidence to support a finding of "substantially greater" incidence.

Petitioner's final argument claims that Doctor Butcofski's testimony on causation was equivocal, and therefore not competent to show the causal relationship required under Section 108(n)(2). However, our

[7] No challenge was made at the hearing to the Doctor's competency to give an opinion on this issue; such a challenge would therefore be waived. *John F. Davis Co. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 291, 293, 407 A.2d 931, 933 (1979). *See Spartan Abrasive Co. v. Workmen's Compensation Appeal Board,* 45 Pa. Commonwealth Ct. 250, 253 n. 1, 405 A.2d 594, 595 n. 1 (1979).

examination of the doctor's testimony convinces us that the doctor was unequivocal in stating that Claimant's disease was causally related to his employment. We affirm.

## ORDER

AND Now, this 12th day of April, 1982, the order of the Workmen's Compensation Appeal Board, No. A-78297, dated July 17, 1980, is hereby affirmed. Judgment is entered in favor of the Claimant Walter L. Swantek and against Lehigh Valley Coal Sales Co. and/or its insurance carrier as follows:

Compensation for total disability at the rate of $100.00 per week commencing April 25, 1975 and continuing thereafter until such time as disability may cease, together with 10% per annum on all deferred amounts of compensation payable hereunder.

Lehigh Valley Coal Sales Co. is further directed to deduct from each weekly compensation check the sum of 20% of the award, and pay said amount to Claimant's counsel, Joseph J. Musto, Esquire.