Spartan Abrasive Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Robert E. Phillips and Commonwealth of Pennsylvania, Respondents.

Argued May 10, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Ronald Ganassi,* with him *Will & Keisling* for petitioner.

*John Moschetta,* with him *C. Jerome Moschetta,* for respondents.

OPINION BY JUDGE MENCER, August 28, 1979:

Spartan Abrasive Company, Inc. (employer), a manufacturer of abrasive wheels for the steel industry, has appealed from an award of workmen's compensation benefits to Robert E. Phillips (claimant) pursuant to Section 108(n) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the

Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(n). We affirm.

The only issue raised by the employer is whether or not claimant established by sufficient, competent evidence that he suffers from an occupational disease, defined in Section 108(n) to include all diseases "(1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, (3) the incidence of which is substantially greater in that industry or occupation than in the general population."

In *Fruehauf Corp., Independent Metal Division v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 341, 345-48, 376 A.2d 277, 279-81 (1977), we made the following observations concerning Section 108(n):

The subsection contains three requirements. First, it requires that a claimant be exposed to a disease by reason of his employment. . . . *To satisfy this requirement, a claimant may reasonably identify or describe the causative factors of the disease, demonstrate that the factors are significantly present in his employment, and show that he was exposed to this significant presence.*

The claimant must also demonstrate that the disease is causally related to the industry or occupation and that the incidence of the disease is substantially greater in the industry or occupation than in the general population. These requirements serve to establish the occupational impact of the disease and to distinguish those diseases which are not occupational in nature. *Accordingly, evidence of the conditions in the industry or occupation is necessary; it is not enough to demonstrate that in a*

*particular factory a disease constitutes a hazard.* (Emphasis added, footnotes omitted.)

There is considerable, albeit contradicted, evidence that claimant suffers from "Shaver's Disease," that Shaver's Disease is caused by the inhalation of aluminum oxide dust, and that claimant was exposed to a significant amount of aluminum oxide dust at the employer's plant. We therefore have no hesitation in holding that the referee's finding that claimant met the first requirement of Section 108(n) is supported by substantial evidence.

We have more difficulty with regard to the remaining requirements, *i.e.*, that Shaver's Disease is causally related to the abrasive-wheel manufacturing *industry*, and that the incidence of Shaver's Disease is greater in that *industry* than in the general population. While there is considerable evidence concerning conditions at the employer's particular plant, this is not sufficient, under *Fruehauf*, to establish conditions in the industry.

The only evidence on these points is the testimony of Dr. A. Carl Walker that (1) the abrasive-wheel manufacturing *industry* involves exposure to aluminum oxide dust, the causative factor of Shaver's Disease, and that (2) the general public cannot contract Shaver's Disease without being exposed to aluminum oxide. However, we do conclude that Dr. Walker's testimony concerning the industry establishes, with sufficient certainty, a causal connection between the industry and the disease.[1] In addition, although Dr. Walker did not specifically say that the incidence of Shaver's Disease in the industry is greater than in

---

[1] The source of Dr. Walker's knowledge of the abrasive-wheel manufacturing industry does not appear of record, although Dr. Walker stated he has been treating occupational diseases since 1932. The employer has not challenged the competency of Dr. Walker's testimony concerning the industry.

the general public, we believe that is a fair and reasonable inference from his remarks. As we said in *Imperial Food Products v. Tomarelli,* 28 Pa. Commonwealth Ct. 150, 153, 367 A.2d 732, 734 (1977), "[w]hile this may not have been the strongest evidence available on this issue, we believe that it is sufficiently substantial here to support the referee's finding."

Accordingly, we enter the following

ORDER

AND Now, this 28th day of August, 1979, the order of the Workmen's Compensation Appeal Board, dated August 4, 1977, is hereby affirmed. Accordingly, it is hereby ordered that judgment be entered in favor of Robert E. Phillips and against Spartan Abrasive Company, Inc., in the amount of $106 per week, commencing June 10, 1975 and continuing into the future until such time as disability changes in nature or extent, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

Spartan Abrasive Company, Inc., is further directed to reimburse claimant for costs in the amount of $551.50.