United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John F. Mramor, Respondents.

Argued June 1, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Roger L. Wise,* with him *Louis A. Raimond,* for petitioner.

*William R. Caroselli, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, John F. Mramor.

OPINION BY PRESIDENT JUDGE CRUMLISH, November 16, 1981:

United States Steel Corporation appeals an order of the Workmen's Compensation Appeal Board affirming a referee's award[1] of benefits to John F.

---

[1] The referee had previously found for Mramor. The first decision was appealed by U. S. Steel and the Board vacated and remanded that decision for further factual determinations as to the extent of Mramor's disability and for Section 108(n) compliance for emphysema and bronchitis.

Mramor for permanent and total disability resulting from an occupational disease as defined in Section 108(n) of The Pennsylvania Workmen's Compensation Act.[2]

Mramor, a 40-year employee of U.S. Steel who was exposed to silica, coke, coal, sand and limestone dusts in various job assignments, stopped working due to shortness of breath and chest pains in 1976. He was examined by a pulmonary disease specialist, Dr. J. D. Silverman, who diagnosed his disease as mixed-dust pneumoconiosis, with resulting complications of pulmonary emphysema and chronic bronchitis.

Our scope of review where the party with the burden of proof has prevailed before the fact finder is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary findings of fact were unsupported by competent evidence. *D. L. Clark Co. v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 535, 537, 411 A.2d 1269, 1270 (1980).

U.S. Steel, while admitting that Mramor was exposed to a disease, asserts that he has failed to prove the disease's causal relation to the industry or occupation or that the incidence of the disease is substantially greater in the industry or occupation than in the general populace,[3] hence, Mramor has failed to show the "occupational impact of the disease."[4]

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(n).

[3] Section 108(n) of the Act defines an occupational disease as "[a]ll other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population."

[4] *Fruehauf Corp. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 341, 348, 376 A.2d 277, 280 (1977).

We conclude that the referee's finding that Mramor has met the requirements of Section 108(n) (2) and (3) of the Act is supported by competent, sufficient and substantial evidence, in that the referee's conclusions are fair and reasonable inferences to be drawn from the entirety of Dr. Silverman's testimony. *See Spartan Abrasive Co. v. Workmen's Compensation Appeal Board,* 45 Pa. Commonwealth Ct. 250, 405 A.2d 594 (1979).

U.S. Steel urges, in the alternative, that Mramor is entitled to partial disability payments only. This contention is baseless in light of Dr. Silverman's testimony as to Mramor's need to return to work in a dust-free environment. U.S. Steel failed to offer dust-free work or prove its availability. It is well established that, when a person's injury leaves him suited for only certain types of work,[5] the employer has the burden of proof to show that work is within reach, *Steinle v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 241, 393 A.2d 503 (1978).

Affirmed.

Date: November 16, 1981.

ORDER

The Workmen's Compensation Appeal Board order, No. A-77722, dated March 13, 1980, is affirmed, and judgment is entered in favor of John F. Mramor and against the petitioner, United States Steel Corporation.

The petitioner is ordered to pay John F. Mramor workmen's compensation benefits at the rate of

---

[5] Dr. Silverman testified that "I think my report indicates that I don't think this man was particularly anxious to sit in an arm chair. I think he would probably like to work. I think one of the basic problems as far as he's concerned and in my judgment, also, is the fact he would be unable to be gainfully employed working in a dusty atmosphere."

$187.00 per week, commencing April 15, 1976, and continuing into the indefinite future. All deferred payments of compensation shall bear interest at the rate of ten percent (10%) per annum. United States Steel Corporation is further ordered to reimburse John F. Mramor $95.00 for reasonable costs. John F. Mramor is further awarded counsel fees in the amount of $3,889.60.

Petitioner is directed to deduct $37.40 from 104 weeks of compensation and forward such fee to McArdle, Caroselli, Spagnolli & Beachler, 1100 Law and Finance Building, Pittsburgh, Pennsylvania 15219. In addition, petitioner is directed to pay $469.60 in prosecution costs directly to McArdle, Caroselli, Spagnolli & Beachler, in accordance with the referee's order of July 31, 1979.

Date: November 16, 1981.

Judge ROGERS concurs in the result only.