Gigliotti's Restaurant and Pizzeria and Allstate Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Rose G. Niccolai, Respondents.

Submitted on briefs October 5, 1981, to President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*Raymond F. Keisling, Will & Keisling,* for petitioners.

*Jack L. Bergstein,* with him *Daniel A. Kahle, Shire & Bergstein,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 23, 1982:

Gigliotti's Restaurant and Pizzeria (employer) and Allstate Insurance Company (Insurer) appeal from a

Workmen's Compensation Appeal Board benefits award to Rose G. Niccolai (employee). We affirm.

This is a burden of proof case. The facts follow: the employee filed a claim petition alleging that she had been injured in a fall at work on May 29, 1975. At the initial hearing, the employee testified that she continued to work and deferred seeking medical attention until consulting Dr. C. W. Vates, an orthopedic surgeon, on July 7, 1975. She then visited Dr. George F. Kowallis, her family physician, on July 12, 1975, and informed him of her injury. Based on Dr. Kowallis' medical report submitted at the hearing, the referee awarded compensation benefits. On appeal, however, the Board remanded for additional medical testimony.[1]

Thereafter, Dr. Kowallis was deposed and testified that, when he had examined Niccolai on June 2, 1975, she had not mentioned the injury nor had there been any evidence of traumatic occurrence.[2] Subsequently, the employee amended her petition to reflect an injury date of June 5, 1975.[3]

In support of this amendment, Niccolai testified at the rehearings (and such testimony was corroborated by her sister) that she had originally selected May 29, 1975 as the accident date on the basis of certain

[1] The Board correctly concluded that Dr. Kowallis' medical report was equivocal in that it listed four diagnoses but failed to indicate whether or not they all resulted from the injury. Also, the report was silent on the continuing nature of the disability.

[2] Dr. Kowallis had been treating the employee for menopause syndrome prior to the July 12, 1975 visit.

[3] There is conflicting evidence in the record concerning the date of the employee's injury. The employee's petition set forth May 29, 1975 as the accident date, which was consistent with the testimony at the initial hearing. The employee's signed statement taken by the Insurer's adjuster, however, indicates an injury date of June 29, 1975. The Notice of Compensation Denial by the Insurer also establishes June 29, 1975 as the injury date.

representations by the Insurer's agent[4] and after being advised by the agent that the precise accident date was inconsequential. Further, Clem Gigliotti, Niccolai's employer, concluded that the accident occurred between June 15 and June 21, 1975.[5] Finally, the employee testified that, after reviewing Dr. Kowallis' records, she then recalled that the accident occurred several days after the June 2, 1975 visit.

After additional hearings, the referee found that Niccolai sustained an injury in the course of her employment "sometime between May 29, 1975 and July 5, 1975" which rendered her totally disabled on July 8, 1975, and that said disability continues. The employer and Insurer contend that there is not sufficient, competent medical testimony to support an award. They claim that the accident happened, if at all, on May 29, 1975, and that no disability resulted therefrom.

Under The Pennsylvania Workmen's Compensation Act,[6] the claimant must establish the right to compensation and all elements necessary to support an award. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979). Where the party with the burden of proof has

---

[4] The employee testified that the agent had suggested the May 29, 1975 date based on the employee's recollection that she had consulted Dr. Vates approximately four weeks after the accident. We emphasize that neither the employee nor the workmen's compensation authorities imply that the agent's representations were in any way wilfully misleading.

[5] The employer, who had not witnessed the accident, had originally established May 29, 1975 as the injury date. He testified that the accident was temporally proximate with the firing of the restaurant's manager, who had witnessed the accident. Upon subsequent examination of his records, however, the employer discovered that he terminated his manager's employment shortly before July 1, 1975 and consequently estimated that the employee's injury occurred between June 15 and June 21, 1975.

[6] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1.

prevailed before the referee and the Board has not taken additional evidence, our review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or necessary factual findings were unsupported by substantial and competent evidence. *Dale Manufacturing Co. v. Bressi,* 491 Pa. 493, 498, 421 A.2d 653, 655 (1980).

Admittedly, the employee was confused regarding the injury date. After the discrepancy became apparent, Niccolai proffered her own testimony, as well as her sister's and her employer's, to explain how the mistake occurred. The referee heard the testimony, examined the witnesses' demeanors and concluded that the explanation was credible.[7] The weight given to testimony and the inferences to be drawn therefrom are for the referee. *D & T Brooks, Inc. v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 223, 228-29, 392 A.2d 895, 898 (1978). The referee's factual determinations must be accepted when supported by substantial competent evidence. *Rowan v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 56, 61, 426 A.2d 1304, 1307 (1981).

We are convinced that there was sufficient competent evidence presented here to justify the referee's findings that the employee sustained an injury as a result of her fall at work (and the approximate date of the accident) and that she was totally disabled as a

---

[7] The employee's confusion concerning the accident date may have resulted form the sluggishness of the investigative process. The record indicates that the Insurer did not investigate the claim until months after the accident occurred. Further, the Insurer did not secure signed statements until fifteen (15) months after the occurrence.

result thereof.[8] Since the referee's findings were consistent with each other and with the legal conclusions, and since the referee clearly evaluated all the evidence offered, we must affirm.

Affirmed.

### ORDER

The Workmen's Compensation Appeal Board order, No. A-77621, dated April 10, 1980, is affirmed, and judgment is entered in favor of Rose G. Niccolai and against Gigliotti's Restaurant and Pizzeria and/or its insurance carrier, Allstate Insurance Company.

The defendant and/or its insurance carrier is ordered to pay to Rose G. Niccolai workmen's compensation benefits at the rate of $62.05 per week beginning on July 8, 1975, and continuing into the indefinite future within the meaning and provisions of The Pennsylvania Workmen's Compensation Act.

Interest is payable on all deferred payments of compensation at the rate of ten percent (10%) per annum.

The defendant and/or its insurance carrier is further ordered to reimburse Rose G. Niccolai for reasonable costs of medical expenses incurred in the amount of $1,204.76.

The defendant and/or its insurance carrier is further directed to reimburse Niccolai's counsel for

---

[8] We dismiss the petitioner's claim that the employee did not produce the unequivocal medical testimony required to establish that the disability was caused by a work-related accident. Dr. Kowallis testified that, in his opinion and based upon reasonable medical certainty, the employee became totally disabled as a result of the injury sustained at work. This meets the test for legal sufficiency of medical testimony. *Ricciardi v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 316, 383 A.2d 571 (1978).

reasonable costs incurred in the total amount of $244.25.

Attorney fees, as agreed between Rose G. Niccolai and her counsel, in the amount of twenty percent (20%) of the compensation awarded herein are approved and the defendant and/or its insurance carrier is directed to deduct $12.41 from each week of compensation that becomes due and payable to Rose G. Niccolai and forward the same, together with the aforementioned $244.25, directly to Jack L. Bergstein, Esquire, 409 Schoonmaker Avenue, Monessen, Pennsylvania 15062.

All remaining payments of interest, compensation and the aforementioned medical expenses in the amount of $1,204.76, shall be paid directly to Rose G. Niccolai.

Judge PALLADINO did not participate in the decision in this case.