Township of Warminster, Petitioner *v.* Workmen's Compensation Appeal Board (Virginia Metz), Respondents.

Argued April 6, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Wilbur C. Creveling, Jr.,* for petitioner.

*Richard H. Elliott, Cotlar, Aglow & Elliott,* for respondent, Virginia Metz.

Opinion by President Judge Crumlish, Jr., September 14, 1983:

Warminster Township (Township) appeals a Workmen's Compensation Appeal Board (Board) award of temporary total disability benefits to Virginia Metz. We affirm.

On February 21, 1977, Metz, while a volunteer member of the Warminster Ambulance Corps, aggravated a pre-existing injury[1] making her temporarily unable to perform her duties. At that time, Metz was a housewife. The referee awarded benefits; the Board affirmed.

Under The Pennsylvania Workmen's Compensation Act,[2] a claimant must establish the right to compensation. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979). Where the party with the burden of proof has prevailed below, our review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or necessary factual findings were unsupported by substantial evidence. *Gigliotti's Restaurant and Pizzeria v. Workmen's Compensation Appeal Board*, 64 Pa. Commonwealth Ct. 642, 441 A.2d 504 (1982).

Section 601 of the Act,[3] in effect at the time of the injury, provided benefits to members of volunteer ambulance corps when injured in the course of their employment. Section 601 further provided that:

---

[1] Metz was injured initially on January 11, 1977, while in the course and scope of her employment.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 71 P.S. §1.

[3] Section 601 of the Act of June 2, 1915, P.L. 736, *as amended*, added by Section 15 of the Act of December 5, 1974, P.L. 782. This section was amended by Section 1 of the Act of November 26, 1978, P.L. 1328, 77 P.S. §1031. This amendment, *inter alia*, deleted the qualifying words "employed, self-employed or unemployed" from the former Section 601.

> In all cases where an injury compensable under the provisions of this act is received by a member of a volunteer ambulance corps ... *whether employed, self-employed or unemployed*, there is an irrebuttable presumption that his wages shall be at least equal to the Statewide average weekly wage for the purpose of computing his compensation under sections 306 and 307 of this act. (Emphasis added.)

The Township contends that "unemployed" in this section applied only to individuals who are *temporarily* out of work.

We are guided by Section 1921(b) of the Statutory Construction Act of 1972,[4] which provides that:

> When the words of a statute are clear and free from all ambiguity, *the letter of it is not to be disregarded under the pretext of pursuing its spirit.* (Emphasis added.)

The term "unemployed" is unambiguous, hence it must be given its clear meaning, to wit, not employed or not engaged in gainful occupation. We find no indication that the term "unemployed," in Section 601, was intended to apply only to those who are temporarily out of work.

The Township urges, in the alternative, that Metz is only entitled to partial disability benefits. The Board, however, found that the Township had failed to prove that there were jobs available to Metz subject to her physical limitations.[5] This finding is supported by the record.

---

[4] 1 Pa. C. S. §1921(b).

[5] Once a claimant has demonstrated that he can no longer perform his duties because of a work-related injury, the burden shifts to the employer to show that he can perform certain work and that such work is available; absent such proof, the claimant is entitled to total disability benefits. *Steinle v. Workmen's Compensation Appeal Board (Mramor)*, 38 Pa. Commonwealth Ct. 241, 393 A.2d 503 (1978).

Affirmed.

ORDER

The Workmen's Compensation Appeal Board order, Docket No. A-81110, dated April 1, 1982, is hereby affirmed.