John Seng, Petitioner *v.* Workmen's Compensation Appeal Board (Branch Motor Express), Respondents.

Argued September 9, 1985, before Judges ROGERS and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert E. Benion,* for petitioner.

*Matthew D. Dempsey,* with him, *Joseph P. Lenahan, Lenahan & Dempsey, P.C.,* for respondent, Branch Motor Express.

OPINION BY SENIOR JUDGE BARBIERI, November 12, 1985:

John Seng, Claimant, appeals here the order of the Workmen's Compensation Appeal Board (Board), which sustained the decision of a referee on a termination petition filed by Branch Motor Express (Em-

ployer) in which it was determined that Claimant's total disability had been reduced to partial disability and, therefore, the period of payments was reduced to 500 weeks, but with weekly benefit payments continuing at the total disability rate for lack of proof of available, suitable work which Claimant could perform. Claimant also seeks review of denial of his request for counsel fees.

Claimant suffered back injuries on June 26, 1979 in the course of his employment as a truck driver for which compensation was paid at the maximum rate of $227.00 per week under a Notice of Compensation Payable. These payments were made until the filing of the termination petition by Employer on March 13, 1981, in which an affidavit of a physician stated that Claimant was able to return to work as a truck driver as of March 2, 1981.

The referee's decision, including twenty statements designated Findings of Fact which basically recite various items in the testimony, actually contains factual determinations by him recorded under DISCUSSION, as follows:

I found the medical evidence of the claimant more convincing. All of the doctors noted the consistency of the symptoms. Only Dr. Sutliff found an example of inappropriate physical response. It appears that the doctors feel that the claimant has pain and is indeed suffering from a condition.

There is diversity in opinion about the severity of the claimant's condition. The defendant's physicians feel that the claimant could attempt to return to work. I noted they did not say that the claimant suffers no disability at this time. Dr. Amsler felt that the claimant could probably do the work. Yet, two of

claimant's physicians feel that he is disabled from performing any type of work.

It appears to me that the most persuasive of the medical opinions was that the claimant could perform a job but not his position of truck driving. I also noted that the claimant testified that prolonged sitting rendered him severely disabled. I found this testimony convincing. It appears to me, taking the medical depositions together, that the defendant has shown that the claimant is not totally disabled. However, the defendant has not shown that there is work available within the claimant's capabilities.

The referee concluded:

1. The defendant had the burden of proof in this matter. The defendant has shown that the claimant is not totally disabled. The defendant has not shown that there is work available within the claimant's capabilities. Therefore, compensation should continue.

2. The claimant has demonstrated that he is disabled from performing his previous occupation.

3. Based upon defendant's medical evidence, it was reasonable to contest this matter.

A relevant portion of the referee's order reads: ''[T]he compensation to the claimant at the rate of $227.00 shall continue for 500 weeks from March 2, 1981.'' There is no order by the referee with regard to Claimant's request for counsel fees in the modest amount of $1,275.00.[1]

First of all, Employer concedes that, in the absence of proof of availability of suitable employment,

---

[1] The Board simply found no error in the referee's decision "that the defendant had a reasonable basis for the contest."

the amounts payable for total disability are properly payable. Employer contends, however, as the referee concluded, that total disability payments may properly be ordered for what the referee here classifies as something less than total disability which presumably accounts for his order purporting to limit the period for such total disability payments to "500 weeks from March 2, 1981." The referee's decision in this regard is not only without precedent or statutory basis, but it is directly contrary to the language of the Act and to controlling decisions of our Supreme Court and of this Court.

It is too obvious for argument, of course, that total disability payments cannot be awarded for partial disability and the referee may not properly adjudicate what may be the state of a claimant's disability at some future time, since his decision may only speak as of the date of the decision, *Kilgore v. State Workmen's Ins. Fund,* 127 Pa. Superior Ct. 213, 193 A. 294 (1937), particularly since the nature of workmen's compensation continuing liability is such that change must be anticipated and is contemplated by the Act. *Strait v. Gulf Oil Corp.,* 140 Pa. Superior Ct. 464, 14 A.2d 168 (1940).

In fact, it has long been settled in this Commonwealth that, once total disability has been established, the burden is upon the employer to seek reduction of its liability for such total disability and, of course, for total disability benefits, and the incapacity of the claimant to be re-employed in his former work places upon the employer who claims that a total disability no longer exists the burden to prove that other work is available to the claimant and that, failing such proof, the claimant is entitled to a finding and award for total disability. *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968); *Petrone v. Moffat Coal*

Co., 427 Pa. 5, 233 A.2d 891 (1967); *Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 104 A.2d 104 (1954); *Arena v. Workmen's Compensation Appeal Board (Packaging Systems Corp.),* 85 Pa. Commonwealth Ct. 553, 483 A.2d 577 (1984); *Remmey Div., A.P. Green Refractories Co. v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 1, 403 A.2d 172 (1979).

In *Unora,* the leading case in the establishment of the doctrine involved here, the following familiar and oft-quoted statement appears:

> Where the injured person can handle only a specially-created job, one light of effort and responsibility but laden with rest and comfort (employment plums that do not often dangle from the tree of everyday economics) the burden is on the defendant-employer to show that such a job is in fact within reach. If proof of that fact is not presented, *the claimant then is entitled to a finding of total disability.* (Emphasis added.)

377 Pa. 7, 104 A.2d 104 (1954).

It will be noted that, of course, a finding of total disability is required, not simply a payment of the amounts payable for total disability. This Court has also uniformly required the entry of a total disability award in such cases since, in fact, there is a failure to meet defendant's burden to show a reduction from total disability. Thus, in *Arena* we stated:

> Once Arena had established his work-related disability, the employer bore the burden of proving that other work was available. Township of Warminster v. Workmen's Compensation Appeal Board, 77 Pa. Commonwealth Ct. 155, 465 A.2d 708 (1983). Here the employer failed to meet that burden; therefore, Arena is en-

titled to an award for *total disability.* (Emphasis added.) (Citation omitted.)

85 Pa. Commonwealth Ct. 553, 483 A.2d 577 (1984).

It follows, therefore, that the form of the referee's order is in error since the proper form is for an indefinite continuation of benefits for total disability. *See U.S. Steel Corp. v. Workmen's Compensation Appeal Board (Mramor)*, 62 Pa. Commonwealth Ct. 393, 396-397, 436 A.2d 1242, 1244 (1981).

Since the Claimant seeks also an order for counsel fees in the amount of $1,275.00, we must determine whether or not there was additional error on the part of the referee in failing to require payment of this fee by Employer on his conclusion No. 3, quoted above, that "[b]ased upon defendant's medical evidence, it was reasonable to contest this matter." We disagree, since the medical testimony relied upon by Employer fails to meet defendant's burden to demonstrate that the contest it instituted and pursued here was a reasonable one. While defendant relies upon a statement by Dr. Charles Sutliff that Claimant was able to return to truck driving, Dr. Sutliff later testified:

Q. Well, proceed.

A. I could not find anything *objective* to account for the severity of his pain. Therefore, I may be *assuming* that he doesn't have as much pain as he states he has.

Q. Let me rephrase my question again. Then, taking a man as Mr. Seng, who would be a truck driver, and having the pain that he indicates to you, particularly when he sits for a period of more than an hour to the point that he gets sick in his stomach and that he just becomes unbearable—that a person having that kind of pain could work as a truck driver?

A. I would say a person with that kind of a problem could not work as a truck driver, no. (Emphasis added.)

Also, we hardly find support for the Employer's burden in that portion of the testimony of Dr. Cipolla, quoted by Employer in its brief, as follows:

Q. Doctor, it would be your opinion that, with a reasonable degree of medical certainty, based upon your history and physical examination, and the tests you performed, that he would be able to return to work as a truck driver?

A. I think he ought to try it. From my examination, [I think] there aren't too many things that would militate or prevent him from doing it.[2]

For the reasons stated, therefore, we will reverse the referee's order insofar as it purports to create a partial disability limit of 500 weeks on the Claimant's continuing award for total disability and insofar as the referee failed to award the requested $1,275.00 payable by defendant to Claimant's counsel.

### ORDER

Now, November 12, 1985, the order of the Workmen's Compensation Appeal Board, dated May 24, 1984, No. A-84530, is reversed to the extent that it is hereby ordered that compensation for total disability is payable indefinitely in the future until change by

---

[2] The quote here is accurate. The Employer's version as quoted in its brief appears to be inaccurate. The quote in Employer's brief reads:

Q. Doctor, would it be your opinion that, with a reasonable degree of medical certainty, based upon your history and physical examination, and the tests you performed, that he would be able to return to work as a truck driver?

A. I think he ought to try it. From my examination, I think there are too many things that would militate or prevent him from doing it.

agreement or by proper order under the appropriate workmen's compensation laws; and it is further ordered that in addition to payments otherwise required to be made under the referee's order as affirmed by the Board, that the Employer pay to Claimant's counsel for his services to Claimant the sum of $1,275.00, without interest.

CONCURRING AND DISSENTING OPINION BY JUDGE MACPHAIL:

I join in that part of the majority's opinion and order which would grant the Claimant workmen's compensation benefits for total disability but I respectfully dissent from that part thereof which would award counsel fees. I believe there is substantial evidence in this case from which the referee could and did conclude that there was a reasonable basis for the Employer to contest the claim for counsel fees.